UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) C.A. No. 1:21-cr-96-JJM-LDA |
| | ) |
| MICHAEL MORAN LAMB, | ) |
| Defendant. | ) |

ORDER

Before this Court is Defendant Michael Moran Lamb's Motion to Dismiss his indictment with prejudice, ECF No. 47-1. He brings this claim on the assertion that the Government's indictment was not timely. Mr. Lamb alleges that the Government's failure to indict him properly violated his Sixth Amendment right to a speedy trial. The Government responds by stating that indictment was assented to by previous counsel. ECF No. 51. Regardless, they also allege, counsel controls waivers of the Speedy Trial Act, not a defendant's wishes.

I.  BACKGROUND

The Government charged Mr. Lamb in a complaint with violations of three federal statutes: Fraud by Wire, in violation of 18 U.S.C. § 1343; Money Laundering, in violation of 18 U.S.C. § 1956; and Theft of Public Money, in violation of 18 U.S.C. § 641. *See* ECF No. 3. Mr. Lamb was arrested and had an initial appearance on April 8, 2021. *See* ECF No. 51 at 1. "On April 28, 2021, the Government filed an assented-to motion seeking a 60-day continuance of the deadline to indict Defendant with the assent of Defendant's ... [then] attorney." *Id.* at 1–2. This Court granted this motion

1

the same day. *See id.* at 2. The Government filed a second assented-to motion for a sixty-day continuance on June 30 with the assent of Mr. Lamb's new attorney, Mr. Mark Smith. *See id.* This Court also granted this motion the same day. *See* ECF No. 47-1 at 2. However, this motion was allegedly assented to without letting Mr. Lamb know. *Id.* Nearly sixty days later, on August 30, the Government sought to file a third sixty-day continuance, and contacted Mr. Smith to receive his assent. *See* ECF No. 51 at 2. The Government did so because they "intended to extend a plea agreement and send additional discovery . . . ." *Id.*

Mr. Smith notified the Government that his client would not agree to another sixty-day extension. *See* ECF No. 51-1. Later that day, On September 2, "the Government sent a draft information and plea agreement to Mr. Smith and proposed a 14 to 30-day continuance for Mr. Smith to review the agreement with [Mr. Lamb]." *Id.* The next day, "Mr. Smith agreed to a two-week continuance and stated that he would let the Government know Defendant's position on the proposed plea agreement." *Id.; see* ECF No. 51-2. This third assented-to motion extended the deadline to indict from September 7 to September 21. *See* ECF No. 51 at 3. After receiving no response on whether Mr. Lamb agreed to plea, "the Government presented an indictment to the Grand Jury" on September 15, 2021. *Id.*

## II.   STANDARD OF REVIEW

Under Fed. R. Crim. P. 12(b)(3)(A)(ii), a party may file a motion for to dismiss for preindictment delay due to a defect in instituting prosecution. "Dismissal for preindictment delay on due process grounds requires, inter alia, a showing of actual

prejudice. Accordingly, courts regularly have found claims of prejudice related to sentencing possibilities too speculative to implicate a defendant's due process right." *United States v. Stokes*, 124 F.3d 39, 44 (1st Cir. 1997) (citation omitted). "To prevail on a due process challenge, a defendant bears the heavy burden of showing that the delay in indictment caused him *actual* prejudice *and* that the delay was undertaken by the Government solely 'to gain tactical advantage over the accused.'" *United States v. Marler*, 756 F.2d 206, 213 (1st Cir. 1985) (emphasis in original) (internal quotation marks omitted); *see United States v. Lebron-Gonzalez*, 816 F.2d 823, 831 (1st Cir. 1987) (holding that the "test [for] pre-indictment delay is a dual one. In addition to prejudice there must be an intent by the prosecution to gain a tactical advantage").

Hence, the rights of a defendant must be counterbalanced with the prospective prejudice they may face. "Actual prejudice to the [defendant] may result from the shortest and most necessary delay. . . . To accommodate the sound administration of justice to the rights of the defendant to a fair trial will necessarily involve a delicate judgment based on the circumstances of each case." *United States v. Marion*, 404 U.S. 307, 324–25 (1971).

## III.  DISCUSSION

Defense counsel, in deciding how to best represent their client, must be afforded the utmost latitude in making tactical decisions. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984). The decisions made by the defense counsel will thus be deferred to, unless they are excessively egregious and unconventional to

3

the point that they can be considered an ineffective assistance of counsel. *Cf. Bell v. Cone*, 535 U.S. 685, 702 (2002) (holding that an attorney's decisions are to be respected unless they are objectively unreasonable "because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight"). "[I]t is a well-accepted principle that, except in a few carefully defined circumstances, a criminal defendant is bound by his attorney's tactical decisions unless the attorney provided constitutionally ineffective assistance." *Dist. Attorney's Off. for Third Jud. Dist. v. Osborne*, 557 U.S. 52, 86 (2009) (Alito, J., concurring).

This Court looks to the Supreme Court in *Vermont v. Brillion* for guidance in this case, as both cases sought to ascertain whether a delay in prosecution would violate a defendant's constitutional rights. "The Sixth Amendment guarantees that '[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial.' The speedy-trial right is 'amorphous,' 'slippery,' and 'necessarily relative.'"[1] *Vermont v. Brillon*, 556 U.S. 81, 89 (2009) (omission in original) (citing *Barker v. Wingo*, 407 U.S. 514, 522 (1972)). In deciding whether a defendant's constitutional rights have been upheld or violated, this Court will balance a set of factors. "[S]ome of the factors that courts should weigh include [l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.* (alterations in original) (internal quotation marks omitted).

---

[1] On this issue, the Supreme Court relies on *Barker v. Wingo*, 407 U.S. 514 (1972). However, because *Vermont v. Brillion* incorporates the controlling points of *Barker*, this Court will rely on the more recent case.

4

In figuring out the weight of these factors, this Court looks to who is responsible for the delay, in accordance with *Vermont v. Brillion* and *Barker v. Wingo*. An intentional delay by the Government "to hamper the defense" significantly tilts the scales in a defendant's favor. *Id.* (internal quotation marks omitted). "[M]ore neutral reason[s] such as negligence or overcrowded courts weigh less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant." *Id.* (alterations in original) (internal quotation marks omitted). On the other hand, delay caused by the defense tilts the scales in the Government's favor. *See id.* "Th[is] rule accords with the reality that defendants may have incentives to employ delay as a defense tactic: delay may work to the accused's advantage because witnesses may become unavailable or their memories may fade over time."[2] *Id.* (internal quotation marks omitted).

There is no question that the Government caused the delay. Mr. Lamb was arrested in April and the Government did not indict him for nearly five months. However, there is no indication in the record that the Government delayed to gain a tactical advantage. To the contrary, it appears that the Government delayed, at least in the latter stages of the five-month period, to give Mr. Lamb and his counsel the chance to decide whether to enter a plea agreement. Rather than prejudicing Mr. Lamb, the Government afforded him with options even before the indictment was filed. This Court cannot say, based on these facts that the Government acted

---

[2] *See infra* note 3 and accompanying text.

prejudicially toward Mr. Lamb, nor that it was contemplated that the Government intended to obtain a tactical advantage because of the delay.

Moreover, the defense assenting to continuances caused this delay in part. While it may be true that Mr. Lamb was unaware of the second assented-to continuance, deference is owed to counsel on such tactical decisions. Nowhere is this point truer than on the third and final continuance. Mr. Smith agreed to a continuance because he faced the Government filing a contested motion to continue. In this sense, even if he did not consent, the Government was going to seek a continuance regardless. It appears Mr. Smith made the tactical decision to grant the continuance for fourteen days, rather than sixty, as a compromise with the Government and his clients wishes, and to afford Mr. Lamb the chance to contemplate pleading. This decision appears indicative of the opposite of prejudice; it provided opportunity.

## IV. CONCLUSION

This Court finds that Mr. Lamb has not been prejudiced in this matter.[3] Additionally, any delay did not cause or effect a tactical advantage upon the Government. Though this Court is aware of the pre-indictment restrictions on Mr. Lamb's freedoms, these restrictions alone are not sufficient to constitute a violation of his Sixth Amendment rights. The dispositive inquiry is whether the delay in

---

[3] While it may be true that unfair delay may adversely affect the right to a fair and speedy trial, as "memories . . . dim, witnesses become inaccessible, and evidence . . . lost," *United States v. Marion*, 404 U.S. 307, 326 (1971), such a circumstance may also work in Mr. Lamb's favor. *See Vermont v. Brillon*, 556 U.S. 81, 90 (2009). However, because the balance is equilibrated, the point is moot.

prosecution adversely affected Mr. Lamb's right to a speedy and fair trial, and this Court finds that it has not been so affected.[4] Therefore, this Court DENIES Defendant Michael Moran Lamb's Motion to Dismiss the indictment, ECF No. 47.

IT IS SO ORDERED

_____
John J. McConnell, Jr.
Chief United States District Judge

January 3, 2022

---

[4] This Court does not reach the parties' second argument on whether dismissal should be with or without prejudice because this Court finds that dismissal is not warranted in this matter.